IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:16-CR-348 |
| **v.** | : | |
| **EFRAIN TROCHE-RIVERA** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Presently before the court is Defendant Efrain Troche-Rivera's ("Defendant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 98.) Defendant argues that his counsel at trial was ineffective because counsel advised him "to enter into a plea agreement based on the fact that he was subjected to the enhanced penalty under 21 U.S.C. § 851," rather than challenging the constitutionality of "21 U.S.C. § 851's definition of a felony drug offense" as being unconstitutionally vague. (Doc. 99, p. 1.) For the reasons that follow, Defendant's motion will be denied.

## I. Background

On November 30, 2016, Defendant was indicted on various drug-related offenses, including conspiracy to distribute and possess with the intent to distribute five kilograms and more of cocaine hydrochloride, in violation of 21 U.S.C. § 846. (Doc. 1.) On July 12, 2017, Defendant pleaded guilty to Count 1 of the Indictment, pursuant to a written plea agreement. (Docs. 56, 59.) The terms of the

plea agreement included a joint recommendation regarding the weight of the cocaine that was reasonably foreseeable to Defendant in the course of the conspiracy and a waiver of Defendant's right to appeal any conviction and sentence on any grounds set forth in 18 U.S.C. § 3742(a), or any other grounds, provided the court adopt the parties' agreement regarding drug quantity. (Doc. 56, ¶¶ 12, 28.) On December 19, 2017, this court sentenced Defendant to a term of imprisonment of 120 months. (Doc. 84.) Defendant did not appeal the conviction or sentence. On December 28, 2018, the Defendant filed the instant motion to vacate sentence. (Doc. 98.) The matter has been fully briefed and is ripe for disposition. For the reasons that follow, the court finds that Defendant's argument is without merit and may be resolved on the existing record without an evidentiary hearing.

## II. <u>Legal Standard</u>

Under Section 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." *Id.* at § 2255(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence

as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *Booth*, 432 F.3d at 546).

## III. Discussion

Defendant's primary argument is that 21 U.S.C. § 802 is unconstitutionally vague because it defines the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Specifically, he argues that the phrases "restricts conduct relating to" is overly broad and undefined, such that it fails to give a person of ordinary intelligence fair notice of the conduct it punishes. *See United States v. Williams*, 53 U.S. 285, 304 (2008). In support of this argument, Defendant relies predominantly on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act ("ACCA"). The Supreme Court in *Johnson* found the residual clause unconstitutionally vague

3

because it added an increased prison term for "violent felonies," which were defined as "conduct that presents a serious potential risk of physical injury to another." *Id.*

This court, however, need not undertake an analysis of Section 802 as the Supreme Court did for the ACCA in *Johnson* for two reasons: firstly, that issue is not properly before this court because Defendant was not subject to the sentencing enhancement involving the definition of "felony drug offense" challenged in Defendant's brief; and, secondly, the Supreme Court has already held that the definition of "felony drug offense" is not unconstitutionally vague.

On April 21, 2014, Defendant was sentenced on nine separate offenses in the Dauphin County Court of Common Pleas, which included one count of possession of a controlled substance, in violation of 35 P.S. § 780-113(a)(16), and one count of possession of drug paraphernalia, in violation of 35 P.S. § 780-113(a)(32). *Commonwealth v. Efrain Junior Troche-Rivera*, CP-22-CR-011-2014 (Dauphin Cty. Ct. Com. Pl. Apr. 21, 2014). Both offenses are ungraded misdemeanors with maximum sentences of a one-year incarceration. *See* 35 P.S. §§ 780-113(b),(i). As such, neither offense constitutes a "felony drug offense" as defined in 21 U.S.C. § 802(44). The only sentencing enhancement applicable to Defendant was for possession of a firearm during the commission of the crime, pursuant to USSG §2D1.1(b)(1). Therefore, the Defendant was never exposed to any enhanced

penalties under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. Moreover, the Supreme Court expressly held the definition contained in Section 802(44) to be "coherent, complete, and by all signs exclusive" and found that "there is no ambiguity for the rule of lenity to resolve." *Burgess v. United States*, 553 U.S. 124, 135-36 (2008). Accordingly, even if Defendant had been subject to increased penalties due to prior felony drug convictions, this court would be bound to find that the provision challenged by Defendant was clear and unambiguous.

Additionally, Defendant argues that his counsel was ineffective because she failed to apprise him of his appeal rights prior to his signing of the plea agreement. This statement is clearly contradicted by the record before the court. Defendant was colloquied regarding his appeal rights at sentencing (Doc. 95, p. 13), his plea agreement expressly waived his right to an appeal (Doc. 56, ¶ 28), and Defendant raised no objections at sentencing or his guilty plea or expressed that he was not informed of his appellate rights prior to signing the plea agreement. Thus, the record indicates that Defendant was apprised of his appeal rights and knowingly chose to waive those rights as part of his plea agreement. Accordingly, the court rejects this argument and finds that a hearing is not required under *Tolliver*, 800 F.3d at 141.

## IV. Conclusion

For the reasons set forth above, the court finds that Defendant's trial counsel was not ineffective for failing to argue that the term "felony drug offense" as defined in 21 U.S.C. § 802(44) is unconstitutionally vague because (1) Defendant was not subject to sentencing enhancements for prior felony drug convictions and (2) the Supreme Court has previously held that such an argument is without merit. Additionally, the court finds that there is no indication in the record that trial counsel failed to apprise Defendant of his appellate rights and that Defendant knowingly and voluntarily waived those rights in his plea agreement. Accordingly, the court will deny Defendant's Section 2255 motion without an evidentiary hearing.

An appropriate order follows.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: August 15, 2019